## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | | |
|---|---|---|
| U-HAUL CO. OF CALIFORNIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| GARY WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION TO COMPEL ARBITRATION[1]

Petitioner U-Haul Co. of California ("U-Haul") petitions this Court for an order compelling Respondent Gary Williams ("Williams") to arbitrate matters arising out of and relating to the U-Haul trailer that Williams was towing through Illinois when he was involved in a crash on Interstate-80 in Henry County. This petition is authorized by the Federal Arbitration Act 9 U.S.C. § 4. In support of this petition, U-Haul states as follows:

## PRELIMINARY STATEMENT

1.    This is a stand-alone action to compel Williams to participate in arbitration in Illinois before a single arbitrator from the American Arbitration Association ("AAA"), as squarely required by the parties' rental contract. The contract contains an arbitration clause that requires the parties to arbitrate any and all claims arising out of or relating to the trailer or the rental. The contract also states that AAA's Commercial Arbitration Rules and Supplementary Procedures for Consumer-Related Disputes govern the arbitration.

2.    Under the rental contract, Williams leased a U-Haul trailer from a U-Haul location in Colusa, California for a period of 10 days. The rental contract states that Williams's destination was Norristown, Pennsylvania. But before Williams reached his destination, he was

---

[1]    In the alternative, this Petition also seeks a declaratory judgment under 28 U.S.C. § 2201 declaring that Respondent Gary Williams must submit his claims against U-Haul to arbitration.

involved in a vehicular incident in Colona Township, Henry County, Illinois.  At the time of the incident, Williams was towing the leased U-Haul trailer with his personal vehicle.

3.     As a result of the accident, Williams alleges that he suffered various bodily injuries.  Among his alleged injuries, Williams asserts that the crash caused him significant cognitive impairment and/or brain damage.

4.     The parties have each retained experts and/or consultants in connection with the U-Haul trailer.  The parties' experts and/or consultants have physically inspected the subject U-Haul trailer at its present location in Iowa.  Williams has also requested that U-Haul relocate the trailer to Pennsylvania.  Based on these events, U-Haul requested Williams to voluntarily submit his claims to AAA, in accordance with the arbitration clause.  Williams refused U-Haul's request, even though the arbitration clause indisputably encompasses his personal injury claims.

5.     As a result of Williams's refusal to submit his claims to arbitration, U-Haul asks this Court to compel Williams to arbitrate his personal injury claims in accordance with the parties' agreement.

## THE PARTIES

6.     U-Haul is a California corporation with its principal place of business in California.  As such, U-Haul is a citizen of California.

7.     Williams is an individual who resides in and is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because this matter involves a dispute between citizens of different states, and the amount in controversy between the parties exceeds $75,000 (based on the property damage and personal injury claims), exclusive of costs and interest.

2

46995178.2

9.      Venue is proper in this district pursuant to 9 U.S.C. § 4.

10.     This Court has personal jurisdiction over Williams in this action because Williams was involved in a vehicular accident (and allegedly sustained personal injuries) within this District.

## FACTS

### The Parties' Rental Contract and Arbitration Agreement

11.     On February 28 2012, Williams and U-Haul entered into a written rental contract, under which Williams was authorized to possess, use and operate a U-Haul trailer for a period of 10 days.  The rental contract authorized Williams to tow the U-Haul trailer from California to Pennsylvania.  A copy of the rental contract is attached as **Exhibit A**.

12.     By signing the rental contract, Williams accepted the terms of the arbitration clause:  "I agree to submit all claims against U-Haul in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from your local U-Haul representative."  (Ex. A.)

13.     The incorporated U-Haul Arbitration Agreement mandates "that any and all Claims between U-Haul and (Mr. Williams) relating in any way to (Mr. Williams's) rental or purchase from U-Haul shall be submitted to binding arbitration before the American Arbitration Association ("AAA")."  (U-Haul Arbitration Agreement at 1, ¶ 1.)  A copy of the U-Haul Arbitration Agreement is attached as **Exhibit B**.  Together, the rental contract and the U-Haul Arbitration Agreement are hereinafter referred to as the "Agreement."

14.     The U-Haul Arbitration Agreement's definition of "Claims" clearly covers claims or damages arising from Williams's rental or use of the U-Haul trailer and/or arising from his crash.  It states that "Claims":

3

is to be broadly interpreted to include any dispute, claim or cause of action arising out of or relating to, (Mr. Williams's) dealings with U-Haul, including but not limited to, . . . rental or sales contract, or Equipment.  Claims include any legal theories, including but not limited to, all statutory and tort claims, that may be asserted by (Mr. Williams). (Ex. B at 1-2 (Definitions).)

15.     By entering the Agreement, U-Haul and Williams "agree(d) that U-Haul's sales and rentals have an effect on interstate commerce."  The parties also agreed that the U-Haul Arbitration Agreement "shall be construed and interpreted under the Federal Arbitration Act, 9 U.S.C. Section 1, et. seq."  (Ex. B at 1, ¶ 1.)

16.     The Agreement mandates that AAA's Commercial Arbitration Rules and Supplementary Procedures for Consumer-Related Disputes govern the arbitration.  (Ex. B at 1, ¶ 2.)

**The Illinois Accident and U-Haul's Arbitration Demand**

17.     On March 2, 2012, Williams was driving his 2002 Chevrolet Trailblazer (with the rented U-Haul trailer attached) on eastbound Interstate-80 in Colona Township, Henry County, Illinois, when he was involved in a two-vehicle crash at or near milepost 6.

18.     The subject U-Haul trailer is presently stored at a U-Haul facility in Iowa.

19.     Although Williams has yet to file a lawsuit, the parties have informally and voluntarily engaged in limited discovery, including a January 22, 2014 physical inspection of the subject U-Haul trailer in Iowa.

20.     On February 12, 2014, U-Haul formally requested that Williams agree to submit his claims to AAA in accordance with the Agreement.  A copy of U-Haul's arbitration demand is attached as **Exhibit C**.

21.     Despite the fact that Williams's claims are clearly subject to arbitration under the Agreement, Williams nonetheless refuses to participate in arbitration.

## COUNT I

### (COMPELLING ARBITRATION, 9 U.S.C. § 4)

22.     U-Haul incorporates and realleges the forgoing paragraphs 1 through 21 of this Petition as though fully set forth herein.

23.     The Federal Arbitration Act, § 4, provides that "(a) party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any Unites States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."

24.     U-Haul and Williams are parties to the Agreement that requires them to arbitrate "any and all Claims between U-Haul and (Mr. Williams) relating in any way to (Mr. Williams's) rental" in accordance with AAA's Commercial Arbitration Rules and Supplementary Procedures for Consumer-Related Disputes.

25.     Williams has failed and refused to agree to arbitrate his claims.

## COUNT II

### (DECLARATORY JUDGMENT, 28 U.S.C. § 2201)

26.     U-Haul incorporates and realleges the forgoing paragraphs 1 through 21 of this Petition as though fully set forth herein.

27.     There is an actual controversy between U-Haul and Williams because U-Haul demanded that Williams submit his personal injury claims to AAA, but Williams refused.

28.     This Court has authority under the Declaratory Judgments Act to enter a declaration that Williams must submit his claims to AAA in accordance with the Parties' Agreement.  *See* 28 U.S.C. § 2201.

46995178.2

**WHEREFORE**, U-Haul respectfully requests that this Court enter the following:

1.      an order directing Respondent Gary Williams to participate in arbitration before AAA in accordance with the terms of the Agreement; or

2.      a declaratory judgment declaring that Respondent Gary Williams must submit his claims against U-Haul to AAA in accordance with the terms of the Agreement; and

3.      any and all other necessary relief as this Court deems just and proper.

DATED: February 17, 2014                    Respectfully Submitted,

By:____/s/ Dmitry Shifrin_____
     One of the Attorneys for Plaintiff
     U-Haul Co. of California

Carlyle W. Hall III
     *(motion for admission filed and pending)*
POLSINELLI PC
One E. Washington Street, Suite 1200
Phoenix, AZ  85004
602.650.2000 | Main
602.264.7033 | Facsimile
chall@polsinelli.com

Dmitry Shifrin (ARDC # 6279415)
Paula S. Kim (ARDC #6286594)
     *(motion for admission filed and pending)*
POLSINELLI PC
161 N. Clark Street, Suite 4200
Chicago, IL 60601
312.819.1900 | Main
312.819.1910 | Facsimile
DShifrin@Polsinelli.com
PKim@Polsinelli.com

46995178.2