E-FILED
Tuesday, 15 April, 2014 03:36:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| U-HAUL CO. OF CALIFORNIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-04022-SLD-JEH |
| | ) | |
| GARY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After Defendant Gary Williams ("Williams") was involved in an accident while driving a trailer owned by Plaintiff U-Haul Co. of California ("U-Haul") across Illinois, U-Haul filed the instant suit and moved to compel arbitration pursuant to the parties' contractual agreement. Williams, however, then filed suits including claims against U-Haul in both Pennsylvania and Illinois state courts. Before the Court is U-Haul's request for an order enjoining prosecution of and staying the state court proceedings until the Court resolves the motion to compel arbitration. For the following reasons, U-Haul's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Prosecution of, and to Stay, Pennsylvania and Illinois State Court Proceedings, ECF No. 9, is DENIED. U-Haul's request for a hearing on this motion, *id.* at 1, is also DENIED.

## BACKGROUND[1]

On February 28, 2012, Williams contracted with U-Haul to rent a trailer for 10 days. The contract authorized Williams to tow the trailer from California to Pennsylvania. According to U-

---

[1] Unless otherwise noted, these facts are drawn from U-Haul's Complaint, ECF No. 1.

1

Haul, Williams agreed in the written rental contract to submit all claims against U-Haul to arbitration before the American Arbitration Association. On March 2, 2012, while Williams was towing the trailer on Interstate 80 in Illinois, he was involved in a two-vehicle accident, as a result of which Williams claims he suffered bodily injury including significant cognitive impairment and/or brain damage. U-Haul claims that on February 12, 2014, it formally requested that Williams agree to submit his claims to arbitration, and Williams refused. On Febrary 17, 2014, U-Haul filed the instant action, asking the Court to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and to issue a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that the parties' contract requires arbitration of Williams's claims.

On February 26, 2014, Williams initiated an action in the Court of Common Pleas for Philadelphia County, Pennsylvania. In that case, *Williams v. Amerco, et al.*, No. 140202768, he seeks recovery from U-Haul, among other defendants, for his injuries on a theory of negligence. Pl.'s Mot. TRO, Ex. 1, ECF No. 9-1. Two days later, Williams filed a complaint in the Circuit Court of Cook County, Illinois. U-Haul is named as a "Respondent in Discovery" in that case, *Williams v. K&B Transport, Inc., et al.*, No. 2014L002150; Williams therein requests that the court compel U-Haul to participate in discovery regarding "the determination of who should properly be named as additional defendants in this action." Pl.'s Mot. TRO, Ex. 2 at 10, ECF No. 9-2. On April 10, 2014, U-Haul moved for the Court to stay—and enjoin Williams from continuing to prosecute—both state court actions "as to U-Haul and other U-Haul related defendants" until the Court rules on its petition to compel arbitration. Pl.'s Mot. TRO 1.

## DISCUSSION

### I. Legal Framework

#### A. Anti-Injunction Act

The Anti-Injunction Act ("AIA") provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The AIA recognizes the "fundamental constitutional independence of the States and their courts," and aims to avoid "needless friction" between state and federal courts. *Zurich Am. Ins. Co. v. Superior Ct. for State of Cal.*, 326 F.3d 816, 824 (7th Cir. 2003) (quoting *Atl. Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs.*, 398 U.S. 281, 286–87 (1970)). Because of this constitutional foundation, courts must apply the AIA's exceptions narrowly, resolving any doubts regarding the propriety of a federal injunction in favor of permitting state courts to proceed. *Id.* (citations omitted). Even where an AIA exception applies, the Court "must still determine whether an injunction is an appropriate exercise of its authority." *Id.* (citing *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203–04 (7th Cir. 1996)).

The "necessary in aid of its jurisdiction" exception allows that "federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.* at 825 (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 295). Traditionally, this exception applied only to in rem proceedings, with parallel in personam proceedings generally allowed to continue concurrently. *Id.* (citations omitted). "[T]he possibility that a parallel state proceeding might 'interfere with a protected federal right' or erroneously apply

3

federal law does not make an injunction 'necessary' to aid the court's jurisdiction." *Id.* (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 294). In those circumstances, the proper recourse is appeal through the state court system and then potentially the U.S. Supreme Court. *See Atl. Coast Line R.R. Co.*, 398 U.S. at 296.

The judgment-protection, or "relitigation,"AIA exception "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Zurich Am. Ins. Co.*, 326 F.3d at 825 n.6 (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). The "essential prerequisite" for this exception is that the claims or issues the injunction would remove from state adjudication "actually have been decided by a federal court." *Chick Kam Choo*, 486 U.S. at 147. In the FAA context, this exception does not apply where a district court has yet to rule on a petition to compel arbitration. *See Zurich Am. Ins. Co.*, 326 F.3d at 825 n.6.

**B. Federal Arbitration Act**

The FAA grants concurrent jurisdiction to states to enforce arbitration agreements. *Zurich Am. Ins. Co.*, 326 F.3d at 826 (citing 9 U.S.C. § 4). "Although the FAA represents federal policy to be vindicated by the federal courts where otherwise appropriate, it does not suggest that state courts are less competent to give effect to its provisions." *Id.* (internal citations and quotation marks omitted); *see also CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 854 (7th Cir. 2002) ("[The FAA] requires both federal and state courts to apply a federal common law of arbitrability to the arbitration of disputes arising under contracts in commerce, a common law applicable equally in federal and state courts." (citations omitted)). "Without, at the very least, some evidence that the state court was indifferent to or hostile to the parties' rights

4

under the FAA," even an erroneous application of the FAA by a state court does not justify an injunction under the AIA. *Zurich Am. Ins. Co.*, 326 F.3d at 826 (citations omitted).

**II. Analysis**

U-Haul argues that protection of its FAA right to arbitration justifies enjoining Williams from prosecuting the Pennsylvania and Illinois state proceedings under an exception to the AIA.[2] U-Haul does not maintain that an Act of Congress authorizes the injunction it seeks, but claims the injunction is necessary either "in aid of the court's jurisdiction" or "to protect or effectuate its judgments," *see* 28 U.S.C. § 2283. Pl.'s Mem. in Supp. Mot. TRO 7, ECF No. 9.

The Court has not yet ruled on U-Haul's claimed right to arbitrate this dispute with Williams. Therefore, the "relitigation" exception does not apply here. *See Zurich Am. Ins. Co.*, 326 F.3d at 825 n.6. Further, U-Haul presents no evidence that the Pennsylvania and Illinois courts will be "indifferent to or hostile to" its claimed right to arbitrate under the FAA, should U-Haul assert that claim in those proceedings. *See id.* at 826. Enjoining the state proceedings is therefore not necessary to aid the Court's jurisdiction, and would only serve to thwart the state courts' concurrent jurisdiction to enforce arbitration agreements.

U-Haul argues that the Seventh Circuit "has concluded that district courts have the authority to enjoin state court litigation where that litigation interferes with a federal petitioner's right to arbitration under the FAA." Pl.'s Mem. in Supp. Mot. TRO 7–8 (citing *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1274 (7th Cir. 1976)). But *Commonwealth Edison*

---

[2] The fact that U-Haul seeks to enjoin Williams from prosecuting the state actions, and not enjoin the courts themselves, is irrelevant to whether the AIA applies. *See Atl. Coast Line R.R. Co.*, 398 U.S. at 287 ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").

upheld the district court's refusal to enjoin state proceedings under the AIA. *Id.* at 1274. Moreover, the Seventh Circuit did not review the merits of the AIA exception, but upheld its application under an abuse of discretion standard. *See id.* By contrast, the rationale of *Zurich American Insurance* rejects the argument that the putative existence of an FAA right to arbitration—without evidence that the state courts would be indifferent to this right—justifies an injunction under the AIA's jurisdiction-protecting exception. *See Zurich Am. Ins. Co.*, 326 F.3d at 826. Accordingly, 28 U.S.C. § 2283 bars the Court from enjoining prosecution of and staying proceedings in the Pennsylvania and Illinois courts as requested by U-Haul.

## CONCLUSION

Plaintiff U-Haul's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Prosecution of, and to Stay, Pennsylvania and Illinois State Court Proceedings, ECF No. 9, is DENIED. U-Haul's request for a hearing on this motion is also DENIED.

Entered this 15th day of April, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
